# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF WEST VIRGINIA

## AT BECKLEY

BRIAN ELLISON and STACY
ELLISON and KEITH MANNING,
in their own right and on behalf of
other Members and Residents of
FTLA (Flat Top Lake Association),

               Plaintiffs,

v.                                                 CIVIL ACTION NO. 5:19-cv-00825

FLAT TOP LAKE ASSOCIATION,
INC. and REBECCA WALKER and
CLIF MCGLOTHLIN and ROSALIE
ROSS and DAVID CREAGER and
LISA WORD,

               Defendants.

## **MEMORANDUM OPINION AND ORDER**

Pending are the motions of Defendants Flat Top Lake Association, Inc. ("FTLA") [Doc. 9], Lisa Word [Doc. 10], and Rebecca Walker [Doc. 13] to dismiss the Complaint. Also pending is a proposed order dismissing all claims against Rebecca Walker [Doc. 21] stipulated by Plaintiffs Brian Ellison, Stacey Ellison, and Keith Manning (together, "Plaintiff Residents").

## I.

Plaintiff Residents instituted this action in the Circuit Court of Raleigh County. On November 21, 2019, FTLA removed the action on the basis of federal question jurisdiction under 28 U.S.C. § 1331. The Complaint alleges numerous claims in connection with a personal confrontation at an FTLA event resulting in the suspension of certain FTLA privileges held by Plaintiff Residents. Plaintiff Residents allege, in pertinent part, that the FTLA bylaws are

unenforceable under the United States Constitution and the West Virginia Constitution [Doc. 1-1].

**II.**

Under 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." In determining whether a plaintiff's claim arises under federal law, a district court will "look no further than the plaintiff's [properly pleaded] complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction." *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996).

If federal law creates a plaintiff's claim, federal jurisdiction is proper. *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.2d 148, 151 (4th Cir. 1994). But if state law creates a plaintiff's claim, federal jurisdiction is only proper in a "special and small category" of cases. *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Specifically, jurisdiction lies only if the well-pleaded complaint establishes "that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (internal quotation omitted). "Under the substantial federal question doctrine, 'a defendant seeking to remove a case in which state law creates the plaintiff's cause of action must establish two elements: (1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)).

**III.**

The FTLA's notice of removal states the following in support of jurisdiction under 28 U.S.C. § 1331:

> In the Complaint, Plaintiffs allege that Defendant Flat Top Lake Association, Inc.'s by-laws and rules are unconstitutionally vague and unenforceable and fail to provide substantive and procedural due process. The Plaintiffs further alleged that 'in as much as the by-laws and rules fail to comport with fundamental Constitutionally protected rights they must be stricken in their entirety.'

[Doc. 1 at ¶ 4] (internal citations omitted). The Complaint grounds its constitutional allegations in both "the United States and West Virginia Constitutions" [Doc. 1-1 at ¶ 36].

By alleging an unenforceable contract term and seeking corresponding redress, the cause of action is created by state law. Accordingly, jurisdiction is contingent on whether this action is among the "small class of cases" in which "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims.'" *Pinney v. Nokia, Inc.*, 402 F.3d 430, 442 (4th Cir. 2005) (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988)). The face of the well-pleaded complaint contains no such substantial question. Rather, the Complaint alleges that the FTLA bylaws are unenforceable under both the United States Constitution and the West Virginia Constitution. Federal law is not a necessary element of the cause of action because the claim may be resolved on state law grounds alone. Accordingly, Plaintiff Residents' request for relief does not necessarily depend on federal law, and the Court lacks jurisdiction over this matter.

Moreover, the vehicle for any constitutional claim would arise, if at all, under 42 U.S.C. § 1983. One essential element of any § 1983 claim is that a defendant acted under color of state law. *See Davidson v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019) ("[A]cting under color of state law requires that the defendant in a § 1983 action ha[s] exercised power possessed by virtue

of state law and made possible only because the wrongdoer is clothed with the authority of state law."). The defendants here consist of one corporation and several individuals. No defendant is alleged to have acted under the color of state law.

### IV.

Inasmuch as the federal claims, if any, have dropped away, it is the Court's intention to remand this action upon consideration of the factors espoused in 28 U.S.C. § 1367 and controlling case law. The parties may show cause, if they so desire, on or before February 19, 2020, concerning why remand is or is not appropriate.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to all counsel of record and any unrepresented party and a certified copy to the Clerk of the Circuit Court of Raleigh County.

ENTERED: February 11, 2020

Frank W. Volk
United States District Judge